UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| ELBOW RIVER MARKETING LIMITED PARTNERSHIP, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No.: 2:15-cv-00025-SGC ) |
| CITY OF BIRMINGHAM, et al., | ) ) |
| Defendants. | ) |

## **MEMORANDUM OPINION**

Presently pending is the motion to remand this matter to state court filed by plaintiff, Elbow River Marketing Limited Partnership. (Doc. 6). Defendants, Thomas Barnett and the City of Birmingham, have responded (Docs. 16-17) and Elbow River has replied (Doc. 18). The parties have consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). (Doc. 14). For the reasons that follow, the motion to remand is due to be granted.

### I.   BACKGROUND

This matter concerns Defendants' assessment of business license taxes, interest, and penalties against Elbow River. Elbow River, which trades and facilitates the interstate and international delivery of petroleum products, is a Canadian limited partnership commercially domiciled in Alberta, Canada. (Doc. 1 at 9). Based on Elbow River's sale of products which were delivered by common

carrier to a terminal located in Birmingham from 2008 through 2011, the City concluded Elbow River should have been assessed business license taxes as a wholesaler and/or retailer. (*Id.* at 10-13). On September 11, 2013, the City entered a "Notice of Final Assessment of License Tax Interest and Penalty Charges" ("Final Assessment") against Elbow River in the amount of $140,331.96. (*Id.* at 13, 38). Elbow River appealed the Final Assessment to the City's Administrative Hearing Officer, pursuant to the procedure established by local ordinance. (*Id.* at 13). A hearing was held, and on November 12, 2014, the Administrative Hearing Officer notified Elbow River that the Final Assessment remained in effect. (*Id.*).

On December 11, 2014, Elbow River appealed the Final Assessment by filing a "Notice of Appeal and Complaint" in the Circuit Court of Jefferson County, pursuant to ALA. CODE § 11-51-191(f). (Doc. 1 at 9-28). In order to perfect its appeal, Elbow River first paid the amount due under the Final Assessment. (*Id.* at 13, 37, 39). The appeal asserts six counts, challenging the validity of the Final Assessment on a variety of grounds under federal, state, and local law and seeking: (1) withdrawal of the Final Assessment; (2) alternatively, revision of the Final Assessment; and (3) waiver of all penalties included in the Final Assessment. (*Id.* at 14-28). On January 7, 2015, Defendants removed to this court on the basis of federal question and diversity jurisdiction. (*Id.* at 2-3).

## II.    DISCUSSION

While Elbow River asserts a number of arguments in favor of remand, the court need only address one: the impact of the Tax Injunction Act.  Under the Tax Injunction Act, "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."  28 U.S.C. § 1341.  While the plain language of the statute applies to taxes levied under State law, it applies equally to local taxes.  *See Hibbs v. Winn*, 542 U.S. 88, 100 n.1 (2004).  The Tax Injunction Act precludes federal jurisdiction where "(1) the relief requested by the plaintiff will 'enjoin, suspend, or restrain' a state tax assessment and (2) the state affords the plaintiff a 'plain, speedy and efficient remedy.'"  *Amos v. Glynn County Bd. of Tax Assessors*, 347 F.3d 1249, 1255 (11th Cir. 2003) (quoting *Williams v. City of Dothan*, 745 F.2d 1406, 1411 (11th Cir. 1984)), *abrogation on other grounds recognized by Nicholson v. Shafe*, 558 F.3d 1266, 1270 (11th Cir. 2009).

Here, Defendants do not dispute that Alabama law provides Elbow River a "plain, speedy and efficient remedy."  *Amos*, 347 F.3d at 1255; (*see* Doc. 9 at 4-5; Doc. 17).  Under Alabama law:

> Either the taxpayer or the taxing jurisdiction may appeal to the circuit court from a final order issued by the administrative hearing officer by filing a notice of appeal with the administrative hearing officer and with the circuit court of the county having jurisdiction over the municipality which issued, or on whose behalf the final assessment was issued, within 30 days from the date of entry of the final order.

ALA. CODE §11-51-191(f).  A State statutory scheme which provides a "full hearing and judicial determination at which [a taxpayer] may raise any and all constitutional objections to the tax," constitutes a "plain, speedy, and efficient" remedy.  *Amos,* 347 F.3d at 1255.  The Alabama law under which Elbow River appealed provides such relief.  *See Whitlow v. Underwood*, No. 10-966, 2011 WL 671577, *3 (M.D. Ala. Feb. 7, 2011) (analyzing parallel statutory procedure for appealing final assessments by the Alabama Department of Revenue).

However, Defendants contend Elbow River's appeal does not seek to enjoin, suspend, or restrain the City's assessment, levy, or collection of taxes.  Specifically, Defendants argue the Tax Injunction Act only precludes federal jurisdiction where plaintiffs seek anticipatory relief.  (Doc. 17 at 5) (*quoting Jefferson Cty. v. Acker*, 527 U.S. 423, 435 (1999)).  Because Elbow River paid the amount due under the Final Assessment, Defendants posit the Tax Injunction Act does not bar federal jurisdiction over this matter.  (Doc. 17 at 5).

As an initial matter, the Alabama law under which Elbow River appealed the Final Assessment requires a taxpayer to pay the assessment in full prior to appealing.  ALA. CODE § 11-51-191(g)(1).  The Eleventh Circuit has noted that taxpayers who contest assessments must follow the applicable State law procedures.  *Osceola v. Fla. Dep't of Rev.*, 893 F.2d 1231, 1233 (11th Cir. 1990)(under the Tax Injunction Act "a taxpayer must follow required state

procedure and is generally deprived access to federal courts to obtain determination of federal issues"). Next, the Tax Injunction Act is not limited to requests for prospective injunctive relief. "The [Tax Injunction] Act has also been applied to actions for damages, including suits for the refund of tax assessments made by a state." *Id.* (*citing Rosewell v. LaSalle Nat. Bank,* 450 U.S. 503 (1981); *Fair Assessment in Real Estate Ass'n. Inc. v. McNalry,* 454 U.S. 100 (1981); *Bland v. McHann,* 463 F.2d 21 (5th Cir.1972); *The Assiniboine & Sioux Tribes v. Montana,* 568 F. Supp. 269 (D. Mont. 1983)). Accordingly, Defendants' argument that the Tax Injunction Act does not preclude federal jurisdiction over this matter fails.

### III.  CONCLUSION

For the foregoing reasons, federal subject matter jurisdiction over this matter is precluded by the Tax Injunction Act.[1] Accordingly, Elbow River's Motion to Remand (Doc. 6) is **GRANTED**. This matter will be remanded to the Circuit Court of Jefferson County by separate order.

**DONE** this 27th day of August, 2015.

*[signature]*
STACI  G. CORNELIUS
U.S. MAGISTRATE JUDGE

---

[1] In light of this conclusion, the court will not rule on Elbow River's pending motion to amend the complaint. (Doc. 24).